# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**UNITED STATES OF AMERICA**

**VS.**

**DAVID LEWIS THOMAS,**

**Defendant**

NO. 5: 07-CR-90 (CAR)

VIOLATIONS: **Firearms Related**

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Brian T. Randall of the Macon Bar; the United States was represented by Assistant U. S. Attorney Michael T. Solis. Based upon the evidence proffered to the court by counsel for the parties and the contents of the Pretrial Services Report from the Northern District of Georgia dated October 31, 2007, as well as argument and comments of counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ **(1)** There is PROBABLE CAUSE to believe that the defendant has committed an offense

☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

☐ under 18 U.S.C. §924(c).

☐ **(2)** The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ **(1)** There is a serious risk that the defendant will not appear.

☒ **(2)** There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office, Northern District of Georgia, dated October 31, 2007, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure future appearance of the defendant or the safety of the community were he to be released from custody at this time. The offenses charged against defendant THOMAS are serious ones for which long-term imprisonment may be imposed in the event of a conviction after trial or a plea of guilty. Although his estimated guideline sentencing range is only 21 months to 27 months in prison, he has a long history of arrests and convictions going back to 1986.

Defendant THOMAS has numerous felony convictions including two convictions for BURGLARY in 1986 and another conviction for BURGLARY in 1991. In 1992, he was convicted of POSSESSION/MANUFACTURE/DISTRIBUTION OF MARIJUANA in Houston County, Georgia. In 1992, he was also convicted of ESCAPE in the State Court of Bibb County when he was in pretrial status. He has had numerous arrests since 1986 on THEFT related charges, other BURGLARIES, OBSTRUCTION OF POLICE, and other felonies. Significantly, he has had some TEN arrests for violating parole or probation. On a 2006 conviction in Houston County for DRIVING ON A SUSPENDED LICENSE, defendant THOMAS absconded from probation supervision.

For the foregoing reasons, and because defendant THOMAS has exhibited a propensity to violate conditions of parole/probation, pretrial detention is mandated. Mr. Thomas' behavior clearly indicates an inability to conform to conditions of supervision making him an inappropriate candidate for pretrial supervision in this case. Pretrial detention is thus ORDERED AND DIRECTED.

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant THOMAS shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility THOMAS deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 27th day of NOVEMBER, 2007.



**CLAUDE W. HICKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**